UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN RODRIGUEZ,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

Case No. C12-503-MJP-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Martin Rodriguez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration custody and seeking either supervised release or an individualized bond hearing. Dkt. 6. For the reasons set forth below, the Court recommends that petitioner's habeas petition be **DENIED**, and this case be **DISMISSED** with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who was admitted to the United States on August 31, 1990, as a lawful permanent resident. Administrative Record ("AR") at R105, L45; Dkt. 12, Ex. B. On December 30, 2009, he was convicted in the Superior Court of California, County of Los Angeles, of grand theft of property from a person and was sentenced to three years imprisonment. AR at R105, L45, L44.

REPORT AND RECOMMENDATION- 1

On or about March 31, 2011, the United States Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, charging petitioner as removable from the United States under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony related to a theft offense. AR at L24-26; Dkt. 12, Ex. B. On May 26, 2011, an Immigration Judge ("IJ") determined that petitioner was removable from the United States under section 237(a)(2)(A)(iii) and ineligible for relief from removal, and ordered him removed to Mexico based on the charge contained in the Notice to Appear. AR at L411; Dkt. 12, Ex. B. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on September 9, 2011. Dkt. 12, Ex. A. Petitioner filed a petition for review of the BIA's decision with the United States Court of Appeals for the Ninth Circuit, and a motion for stay. *Rodriguez v. Holder*, No. 11-72386 (9th Cir. 2012). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal automatically issued.

While his petition for review was pending, petitioner filed a motion to review the conditions of his detention with the Immigration Court pursuant to *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). On November 29, 2011, the IJ granted petitioner's request and ordered him released under $25,000 bond. AR at L498. Petitioner appealed the IJ's bond decision to the BIA, arguing that the bond amount was too high and requesting that a minimal bond in the amount of $1500 be required. Dkt. 12, Ex. F. On March 9, 2012, the BIA dismissed the bond appeal, finding that the $25,000 amount of bond set by the IJ was appropriate and reasonable given the circumstances of the case. Dkt. 12, Ex. F. On March 14, 2012, the Ninth Circuit dismissed the petition for review, and the mandate issued on May 8, 2012, lifting the temporary stay of removal. *See Rodriguez*, No. 11-72386, Dkt. 8.

## III. DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon*, 535 F.3d at 950 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008). Procedural due process requires that such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

In the present case, all of these requirements were met. As the BIA indicated, "[t]he Immigration Judge considered both positive factors in the respondent's case (the respondent's lengthy physical presence, his family ties) and negative factors (his criminal conviction, his ineligibility for cancellation of removal)." Dkt. 16, Ex 1 at 5. Because petitioner's bond hearing provided petitioner with the sole remedy to which he was entitled, his petition must be denied. *See Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1067.

Petitioner asks this Court to direct the Immigration Judge to reduce his bond amount. Dkts. 6 and 10. Section 1226(e) of Title 8, however, does not permit the Court to review the IJ's discretionary judgment regarding the reasonableness of the bond amount, even if petitioner cannot afford to pay it. *Prieto-Romero*, 534 F.3d at 1067. That provision provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, the Court lacks jurisdiction to reach the merits of petitioner's claim.

Moreover, petitioner's petition for review was denied on March 14, 2012, and the mandate terminating his petition for review issued on May 8, 2012. Petitioner is, therefore, currently subject to mandatory detention during the 90-day removal period, which commenced when the Ninth Circuit issued its mandate. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Because petitioner's detention is mandatory during the 90-day removal period, he is not entitled to habeas relief. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299-1300 (9th Cir. 2004).

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be **DENIED**, and this matter be **DISMISSED** with prejudice. Any objections to this Recommendation must be filed and served upon all parties no later than **July 19, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **July 20, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The

failure to timely object may affect the right to appeal.  A proposed order accompanies this Report and Recommendation.

DATED this 28th day of June, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge